

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

LILIA RIOS

        Plaintiff,

   v.

FRANK BISIGNANO,
Commissioner of Social Security,

        Defendant.

Case No.: 19-cv-0704-GPC-BLM

**ORDER GRANTING MOTION FOR ATTORNEYS' FEES**

**[ECF No. 19]**

Before the Court is Plaintiff's counsel's Motion for Attorney's Fees pursuant to 42 U.S.C. § 406(b). ECF No. 19 ("Mot."). For the reasons that follow, the Court hereby **GRANTS** Plaintiff's motion.

## I.    BACKGROUND

On December 10, 2014, Plaintiff filed a Title II application for disability insurance benefits, alleging disability beginning November 21, 2013. Administrative Record ("AR") 163-64. On November 2, 2017, Administrative Law Judge ("ALJ") Mark Greenberg issued a partially favorable written decision in which he found that: (1) Plaintiff had been under a disability within the meaning of the Social Security Act from November 21, 2013

through February 3, 2017; and (2) Plaintiff's disability ended on February 4, 2017. *Id*. at 18-27. In a letter dated February 14, 2019, the Appeals Council found no basis for changing the ALJ's ruling. *Id*. at 2-5.

On April 15, 2019, Plaintiff filed this instant action for judicial review by the federal district court. ECF No. 1. On September 24, 2019, Plaintiff filed a motion for summary judgment. ECF No. 13. On January 7, 2020, the Court granted Plaintiff's motion for summary judgment and remanded the case for further proceedings. ECF No. 16.

On May 5, 2020, the Parties filed a joint motion for attorney fees pursuant to the Equal Access to Justice Act ("EAJA"). ECF No. 17. On May 6, 2020, the motion was granted, awarding fees and expenses of $4,200 as authorized by 28 U.S.C. § 2412 and costs in the amount of $400 as authorized by 28 U.S.C. § 1920. ECF No. 18.

On remand, Plaintiff prevailed and the Commissioner awarded Plaintiff $141,655.00 in past-due benefits. ECF No. 19-2 at 2.[1] In accordance with statutory requirements, the Commissioner withheld a portion of Plaintiff's past-due benefits for the potential payment of attorney's fees. See 42 U.S.C. § 406(b)(1)(A).

On January 29, 2026, Plaintiff's counsel filed the instant Motion for Attorney's Fees Pursuant to 42 U.S.C. § 406(b). ECF No. 19 ("Mot."). Plaintiff's counsel seeks an award of $16,200.00, subject to counsel refunding Plaintiff $4,200 for the fees previously received under the EAJA. *Id*. at 15. The Commissioner did not file a response.

## II.   LEGAL STANDARD

When a court renders judgment in favor of a claimant who was represented by counsel, "the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment." 42 U.S.C. § 406(b); *see*

---

[1] Throughout the order, the pagination for docketed documents is derived from the numbering generated by the ECF system.

*Crawford v. Astrue*, 586 F.3d 1142, 1147 (9th Cir. 2009) (en banc). These fees are paid from the claimant's award of past-due benefits. *Id*. "Within the 25 percent boundary, ... the attorney for the successful claimant must show that the fee sought is reasonable for the services rendered." *Gisbrecht v. Barnhart*, 535 U.S. 789, 807 (2002).

"[A] district court charged with determining a reasonable fee award under § 406(b)(1)(A) must respect 'the primacy of lawful attorney-client fee agreements,' ... 'looking first to the contingent-fee agreement, then testing it for reasonableness.'" *Crawford*, 586 F.3d at 1148 (quoting *Gisbrecht*, 535 U.S. at 793, 808). When determining reasonableness, the court must consider "whether the amount need be reduced, not whether the loadstar amount should be enhanced." *Id.* at 1149.

To determine reasonableness, the Court may consider "(1) the character of the representation; (2) the results achieved; (3) whether the attorney engaged in dilatory conduct; (4) whether the benefits are large in comparison to the amount of time counsel spent on the case; and (5) the attorney's record of hours worked and counsel's regular hourly billing charge for non-contingent cases." *Barry H. v. Kijakazi*, 2023 WL 5985501, at *1 (S.D. Cal., Sept. 13, 2023) (quoting *Avina v. Saul*, 2021 WL 2662309, at *1 (S.D. Cal. June 29, 2021)). The Court should also consider whether inferior representation justifies an award of less than 25% such as "any delay in the proceedings attributable to the attorney requesting the fee; whether the benefits of the representation are out of proportion to time spent on the case; and the risk counsel assumed by accepting the case." *Bartle v. Kijakazi*, 2023 WL 5811845, at *1–2 (S.D. Cal., Sept. 7, 2023) (citing *Crawford*, 586 F.3d at 1151–52) (citing *Gisbrecht*, 535 U.S. at 789).

Additionally, since *Gisbrecht*, "district courts generally have been deferential to the terms of contingency fee contracts in § 406(b) cases, accepting that the resulting de facto hourly rates may exceed those for non[-]contingency-fee arrangements." *Hearn v. Barnhart*, 262 F. Supp. 2d 1033, 1037 (N.D. Cal. 2003). Finally, any fee award under §

19-cv-704-GPC-BLM

406 must be offset by any award of attorney's fees granted under the EAJA. 28 U.S.C. § 2412; *Gisbrecht*, 535 U.S. at 796.

## III.   DISCUSSION

### A.   Contingency Fee Agreement

The contingency fee agreements between Plaintiff and her counsel are within the statutory ceiling. *See* 42 U.S.C. § 206(b)(1)(A). The contingency fee agreement between Plaintiff and her counsel provides that counsel "shall receive 25% of the past due benefits awarded by the Social Security Administration to the claimant." ECF No. 19-1. Plaintiff was awarded past-due benefits of $141,655, and 25% of that award is $35,413.75. ECF No. 19-2 at 1. However, Plaintiff's counsel seeks only $16,200.00, representing approximately 11.4% of Plaintiff's past-due benefits of $141,655.00. Mot. at 6. This request is well below the statutory maximum and reflects a substantial voluntary reduction from the contractual ceiling.

Courts have consistently recognized that a fee request significantly below the twenty-five percent cap supports a finding of reasonableness. *Crawford*, 586 F.3d at 1151 (noting that requested fees below the contractual maximum weigh in favor of approval); *Clark v. Astrue*, 529 F.3d 1211, 1218 (9th Cir. 2008). Thus, the contingency fee agreement and the fees requested are lawful under § 406(b).

### B.   Reasonableness of the Fee

After examining the agreement, the Court must review the resulting fee for reasonableness. "[T]he question is whether the amount need be reduced," not enhanced, considering "the character of the representation and the results the representative achieved." *Crawford*, 586 F.3d at 1149; *Gisbrecht*, 535 U.S. at 808. "The court may properly reduce the fee for substandard performance, delay, or benefits that are not in proportion to the time spent on the case." *Crawford*, 586 F.3d at 1151.

19-cv-704-GPC-BLM

First, Plaintiff's counsel did not render substandard representation or delay litigation. *See id.* at 1151–52. Plaintiff's counsel successfully litigated Plaintiff's claim in federal court, secured a remand, and ultimately obtained a fully favorable administrative decision awarding $141,655.00 in past-due benefits. ECF No. 19-2 at 2. The Ninth Circuit has repeatedly held that favorable results of this magnitude weigh heavily in favor of awarding the requested fee. *Crawford*, 586 F.3d at 1151–52 (affirming fee awards where counsel obtained benefits on remand); *Clark*, 529 F.3d at 1216. Additionally, the timeline, from the filing of the complaint in 2019 through the administrative award in December 2025, reflects the ordinary course of Social Security litigation and remand proceedings. *See* Mot. at 12. There is no evidence that counsel prolonged the litigation or otherwise engaged in tactics designed to inflate the fee recovery.

Second, the Court finds that counsel's fee request is reasonable. Plaintiff's counsel expended 21.5 hours of work, leading to an effective hourly rate of $753.49. Mot. at 5, 7. This is within the range of hourly rates approved in similar cases. *See Crawford*, 586 F.3d at 1153 (approving rates of $519, $875, and $902 per hour); *Jenks v. Bisignano*, 2025 WL 2431796, at *2 (S.D. Cal. Aug. 22, 2025) (approving *de facto* hourly rate of $1,224.37 and noting that although this "rate is on the higher end, it is within the range of hourly rates approved by other courts in the Ninth Circuit").

Third, Plaintiff's counsel and paralegals spent a reasonable amount of time, specifically 21.5 hours, working on this matter to achieve a successful result. Plaintiff's counsel has submitted detailed billing statements in support of the requested fee. *See* ECF No. 19-3. There is nothing in the billing statements showing "substandard performance, delay, or benefits that are not in proportion to the time spent on the case." *See Crawford*, 586 F.3d at 1151–52. There also is no evidence or indication that Plaintiff's counsel's work was inferior, that she engaged in dilatory conduct, or that she delayed the proceedings to potentially incur more fees.

19-cv-704-GPC-BLM

Accordingly, all of the factors the Court considers support the reasonableness of the requested fee. Accordingly, the Court finds that the requested fee of $16,200.00 is appropriate under 42 U.S.C. § 406(b).

## IV.  CONCLUSION

Based on the foregoing, the Court GRANTS the Plaintiff's Motion for Attorneys' Fees pursuant to 42 U.S.C. § 406(b). IT IS HEREBY ORDERED:

1. Counsel is awarded $16,200.00 in attorney's fees pursuant to 42 U.S.C. § 406(b);

2. The Commissioner is directed to certify payment of this amount to the Law Offices of Lawrence D. Rohlfing, Inc., CPC;

3. Counsel SHALL refund to Plaintiff the previously awarded $4,200.00 in EAJA fees.

**IT IS SO ORDERED.**

Dated:  June 1, 2026

Hon. Gonzalo P. Curiel
United States District Judge

19-cv-704-GPC-BLM